Courtney Lowery
Sanford Law Firm, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Ariz. Bar No. 036888
(501) 221-0088
courtney@sanfordlawfirm.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| Edith Stanfield, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Lasalle Corrections West, LLC,<br><br>Defendant. | NO. 2:21-cv-<br><br>**ORIGINAL COMPLAINT—COLLECTIVE ACTION** |

COMES NOW Plaintiff Edith Stanfield ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorney Courtney Lowery of Sanford Law Firm, PLLC, and for her Original Complaint—Collective Action ("Complaint") against Defendant Lasalle Corrections West, LLC ("Defendant"), she states and alleges as follows:

## I.   PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policies and practice of failing to pay proper overtime compensation under the FLSA.

## II.   JURISDICTION AND VENUE

3. The United States District Court for the District of Arizona has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. The acts complained of herein were committed and had their principal effect within the Phoenix Division of the District of Arizona; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.   THE PARTIES

5. Plaintiff is an individual and resident of Yuma County.

6. Defendant is a foreign limited liability company registered to do business in Arizona.

7. Defendant's registered agent for service of process is National Registered Agents, Inc., at 3800 North Central Avenue, Suite 460, Phoenix, Arizona 85012.

8. Defendant, in the course of its business, maintains a website at https://lasallecorrections.com/.

## IV. FACTUAL ALLEGATIONS

9. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

10. Defendant operates private correctional facilities, including a location in San Luis.

11. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

12. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

13. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

14. Defendant employed Plaintiff as an hourly-paid Registered Nurse ("RN") from January of 2020 until the present.

**A.  Regular Rate Claim—Nurses**

15. In addition to employing Plaintiff, Defendant employed other RNs and LPNs (collectively "Nurses") during the three years preceding the filing of this lawsuit.

16. In addition to Plaintiff's regular hourly rate, Defendant paid Plaintiff an extra $4 per hour when she worked any hours between 6 PM and 6 AM ("nighttime shift differential").

17. Other Nurses also earned nighttime shift differentials.

18. At all relevant times herein, Defendant directly hired Nurses to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

19. Plaintiff and other Nurses recorded their hours worked via Defendant's time keeping system.

20. Plaintiff regularly worked hours over 40 per week.

21. Upon information and belief, other Nurses also regularly or occasionally worked hours over 40 in a week.

22. During weeks in which Plaintiff and other Nurses worked over forty hours, Defendant paid an improper overtime rate because Defendant determined the regular rate of pay solely based on employees' hourly rate, without including the value of the nighttime shift differentials that Defendant paid to Plaintiff and other Nurses.

23. Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation, such as shift differentials, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

24. Therefore, Defendant violated the FLSA by not including all forms of compensation, such as shift differentials, in the regular rate when calculating Plaintiff's and other Nurses' overtime pay.

25. Upon information and belief, the pay practices that violate the FLSA alleged herein were the same at all of Defendant's facilities because the policy was a centralized human resources policy implemented uniformly from the corporate headquarters.

26. At all relevant times herein, Defendant has deprived Plaintiff and similarly situated Nurses of proper overtime compensation for all of the hours worked over forty per week.

27. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

**B.     Hourly Employees—Off the Clock Work**

28. In addition to employing Plaintiff, Defendant also employed other hourly-paid employees during the three years preceding the filing of this lawsuit ("Hourly Employees").

29. Beginning around August of 2021, Defendant required Plaintiff to be tested for COVID-19 twice per week as a condition of continuing employment.

30. Upon information and belief, other Hourly Employees were also required to be tested for COVID-19 twice per week as a condition of continuing employment.

31. Plaintiff and other Hourly Employees were required to be tested outside of their regular shifts.

32. It took Plaintiff approximately 1 to 2 hours to be tested each time.

33. Upon information and belief, other Hourly Employees spent a similar amount of time being tested.

34. Defendant did not pay Plaintiff or other Hourly Employees for the time they spent in complying with Defendant's mandatory testing requirements.

35. Defendant knew or should have known Plaintiff and other Hourly Employees were working hours, while participating in mandatory testing, which went unrecorded and uncompensated.

36. Additionally, the testing center Plaintiff patronized charged $25 per test, except the first test each month is free.

37. 29 U.S.C. § 531.35 states, "The wage requirements of the [FLSA] will not be met where the employee 'kicks-back' directly or indirectly to the employer . . . the whole or part of the wage delivered to the employee."

38. Because Defendant did not reimburse Plaintiff for the cost of the required test, Plaintiff consistently "kicked back" the cost of the tests which created additional overtime violations.

39. Upon information and belief, other Hourly Employees were also required to pay for COVID-19 tests which led to unlawful "kick-backs" and created additional overtime violations.

40. In or around June of 2021, Defendant implemented a new timekeeping system and required Plaintiff to approve her time while she was not clocked in. Plaintiff estimates she spent approximately 5 to 15 minutes approving her time every two weeks. The time Plaintiff spent working off the clock created additional overtime violations.

41. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

### V. REPRESENTATIVE ACTION ALLEGATIONS

42. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

43. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated, who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A. Regular wages and overtime premiums for all hours worked over forty hours in any week;

B. Liquidated damages; and

C. Attorney's fees and costs.

44. Plaintiff proposes the following collectives under the FLSA:

**All Nurses in the past three years who earned a nighttime shift differential in any week in which they also worked over 40 hours.**

**All Hourly Employees who were required to participate**

**in mandatory COVID-19 testing.**

45. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

46. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

47. The members of the proposed Nurse collective are similarly situated in that they share these traits:

    A. They were employed by Defendant as RNs or LPNs;

    B. They were paid hourly;

    C. They received shift differentials for working nighttime hours;

    D. They worked over 40 hours in at least some weeks in which they also received shift differentials; and

    E. They were subject to Defendant's policy of failing to include their shift differentials in their regular hourly rate when calculating their overtime premium.

48. Plaintiff is unable to state the exact number of the Nurse collective but believes that it exceeds 30 persons

49. The members of the proposed Hourly Employee collective are similarly situated in that they share these traits:

    A. They were employed by Defendant as hourly employees;

B. They were required to participate in mandatory COVID-19 testing outside of their regular shift; and

C. They were not paid for the time they spent participating in the mandatory COVID-19 testing.

50. Defendant can readily identify the members of the collectives, who are a certain portion of the current and former employees of Defendant.

51. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

52. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.   FIRST CLAIM FOR RELIEF
**(Individual Claim for Violation of the FLSA)**

53. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

54. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

55. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

56. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

57. Defendant classified Plaintiff as nonexempt from the requirements of the FLSA.

58. Defendant failed to pay Plaintiff a proper overtime rate for all hours worked over 40 each week.

59. Defendant failed to pay Plaintiff for all hours worked.

60. Defendant knew or should have known that its actions violated the FLSA.

61. Defendant's conduct and practices, as described above, were willful.

62. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

63. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

64. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.  SECOND CLAIM FOR RELIEF
(Collective Action Claim for Violation of the FLSA—Nurses)

65. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

66. Plaintiff brings this collective action on behalf of herself and all similarly situated Nurses to recover monetary damages owed by Defendant to Plaintiff and members of the putative Nurse collective for overtime compensation for all the hours they worked in excess of forty each week.

67. 29 U.S.C. § 207 requires employers to pay employees 1.5x the employee's regular rate for all hours that the employee works in excess of 40 per week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

68. Defendant classified Plaintiff and all Nurses similarly situated as nonexempt from the overtime requirements of the FLSA.

69. Defendant violated 29 U.S.C. § 207 by not paying Plaintiff and all Nurses similarly situated employees a proper overtime rate for all hours worked in excess of forty per week.

70. Defendant failed to pay Plaintiff and similarly situated Nurses at the proper overtime rate.

71. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

72. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all Nurses similarly situated for, and Plaintiff and all Nurses similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

73. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all Nurses similarly situated as provided for by the FLSA, Plaintiff and all Nurses similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   THIRD CLAIM FOR RELIEF
**(Collective Action Claim for Violation of the FLSA—Hourly Employees)**

74. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

75. Plaintiff brings this collective action on behalf of herself and all similarly situated Hourly Employees to recover monetary damages owed by Defendant to Plaintiff and members of the putative Hourly Employee collective for overtime compensation for all the hours they worked in excess of forty each week.

76. 29 U.S.C. § 207 requires employers to pay employees 1.5x the employee's regular rate for all hours that the employee works in excess of 40 per week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

77. Defendant classified Plaintiff and all Hourly Employees similarly situated as nonexempt from the overtime requirements of the FLSA.

78. Defendant violated 29 U.S.C. § 207 by not paying Plaintiff and all similarly situated Hourly Employees a proper overtime rate for all hours worked in excess of forty per week.

79. Defendant failed to pay Plaintiff and similarly situated Hourly Employees at the proper overtime rate.

80. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

81. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all Hourly Employees similarly situated for, and Plaintiff and all Hourly Employees similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

82. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all Hourly Employees similarly situated as provided for by the FLSA, Plaintiff and all Hourly Employees similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## IX.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. A declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and its related regulations;

B.     Certification of the collectives under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.     Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid wages under the FLSA and its related regulations;

D.     Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA and its related regulations;

E.     An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F.     Such other and further relief as this Court may deem just and proper.

DATED this 8th day of September, 2021.

Courtney Lowery
Ariz. Bar No. 036888
courtney@sanfordlawfirm.com