# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Edith Stanfield,

      Plaintiff,

v.

Lasalle Corrections West LLC,

      Defendant.

No. CV-21-01535-PHX-DJH

**RULE 16 SCHEDULING ORDER**

On November 23, 2021 the parties filed their Rule 26(f) Joint Case Management Report (Doc. 16). On the basis of that joint report and in accordance with Rule 16(b)(1) of the Federal Rules of Civil Procedure,

**IT IS ORDERED** as follows:

1.     <u>Deadline for Initial Disclosures</u>. Initial disclosures required by Federal Rule of Civil Procedure 26(a), if not already exchanged, shall be exchanged no later than <u>December 7, 2021</u>. The parties shall file with the Clerk a Notice of Initial Disclosure, rather than copies of the actual disclosures.

2.     <u>Deadline for Joining Parties, Amending Pleadings, and Filing Supplemental Pleadings</u>. The deadline for joining parties, amending pleadings, and filing supplemental pleadings is **60 days** from the date of this Order.

3.     <u>Discovery Limitations</u>. Depositions shall be limited to seven hours each as Rule 30(d) of the Federal Rules of Civil Procedure provides. The number of depositions and interrogatories are governed by the limits in Rules 30, 31, and 33 of the Federal Rules

of Civil Procedure.   Therefore, each party is limited to 10 depositions and 25 interrogatories, including all discrete subparts.  The procedures for requests for admissions and requests for production in Federal Rules of Civil Procedure 34 and 36 are modified to limit each party to 25 requests for production of documents, including subparts, and 25 requests for admissions, including subparts.

4.    Deadline for Completion of Fact Discovery.  The deadline for completing fact discovery, including discovery by subpoena, shall be September 30, 2022.  To ensure compliance with this deadline, the following rules shall apply:

a.    Depositions:  All depositions shall be scheduled to commence at least **five working days** prior to the discovery deadline.  A deposition commenced five days prior to the deadline may continue up until the deadline, as necessary.

b.    Written Discovery:  All interrogatories, requests for production of documents, and requests for admissions shall be served at least **45 days** before the discovery deadline.

c.    The parties may mutually agree in writing, without Court approval, to extend the time provided for discovery responses in Rules 33, 34, and 36 of the Federal Rules of Civil Procedure.  Such agreed-upon extensions, however, will not alter or extend the discovery deadlines set forth in this Order.

d.    Special Provisions Regarding Rule 34 Responses.  Objections to Rule 34 document production requests shall be stated with specificity; general or boilerplate objections are not permitted.  Document production in response to a Rule 34 request must be completed no later than the time specified in the request or another reasonable time specified in the response.  An objection to a Rule 34 request must state whether any responsive materials have been withheld on the basis of that objection.

5.    Deadlines for Disclosure of Experts and Completion of Expert Discovery.

a.    Plaintiff(s) shall provide full and complete expert disclosures as required by Rule 26(a)(2) of the Federal Rules of Civil Procedure no later than October 30, 2022.

b.      Defendant(s) shall provide full and complete expert disclosures as required by Rule 26(a)(2) of the Federal Rules of Civil Procedure no later than <u>November 30, 2022</u>.

c.      Rebuttal expert disclosures, if any, shall be made no later than <u>December 30, 2022</u>.  Rebuttal experts shall be limited to responding to opinions stated by initial experts.

d.      Expert depositions shall be completed no later than <u>January 30, 2023</u>. As with fact witness depositions, expert depositions shall be scheduled to commence at least **five working days** before the deadline.

e.      Disclosures under Rule 26(a)(2)(A) must include the identities of treating physicians and other witnesses who have not been specially employed to provide expert testimony in this case, but who will provide testimony under Federal Rules of Evidence 702, 703, or 705.  A Rule 26(a)(2)(B) report is required for any opinion of such witnesses that was not developed in the course of their treatment or other factual involvement in this case.

f.      As the Advisory Committee Notes to Rule 26 (1993 Amendments) state, expert reports disclosed under Rule 26(a)(2)(B) must set forth "the testimony the witness is expected to present during direct examination, together with the reasons therefor."  Full and complete disclosures of such testimony are required on the dates set forth above; absent truly extraordinary circumstances, parties will not be permitted to supplement their expert reports after these dates.

g.      Each side is limited to one retained or specially employed expert witness per issue.

h.      Pursuant to Rule 26(e)(1), any additions or other changes to information previously disclosed must be made prior to the time that Rule 26(a)(3) Pretrial Disclosures are due. Since this Court effectively requires all Rule 26(a)(3) Pretrial Disclosures to be contained in the joint Proposed Final Pretrial Order, this Order contemplates that all exhibits and witnesses that may be offered at trial will have been

disclosed before the close of discovery as established by this Order. This Order therefore supersedes the "thirty-day before trial" disclosure deadline contained in that Rule. Therefore (1) failure to have timely supplemented a Rule 26(a) disclosure, (2) failure to have timely supplemented responses to discovery requests, or (3) attempting to include any witnesses or exhibits in the joint Proposed Final Pretrial Order that were not previously disclosed prior to the discovery deadline set forth in this Order, may result in the exclusion of such evidence at trial or the imposition of other sanctions.

6.      Discovery Disputes.  The parties shall not file written discovery motions without leave of Court.  If a discovery dispute arises and cannot be resolved despite sincere efforts to resolve the matter through personal consultation (in person or by telephone), the parties shall **jointly file** (1) a brief written summary of the dispute, not to exceed two pages, with explanation of the position taken by each party and (2) a joint written certification that the counsel or the parties have attempted to resolve the matter through personal consultation and sincere effort as required by LRCiv 7.2(j) and have reached an impasse. If the opposing party has refused to personally consult, the party seeking relief shall describe the efforts made to obtain personal consultation.  Upon review of the filed written summary of the dispute, the Court may set an in-court hearing or telephonic conference, order written briefing, or decide the dispute without conference or briefing.  If the Court desires supplemental briefing prior to a hearing, counsel will be notified by order of the Court.  Any briefing ordered by the Court shall comply with LRCiv 7.2(j).

Absent extraordinary circumstances, the Court will not entertain fact discovery disputes after the deadline for completion of fact discovery and will not entertain expert discovery disputes after the deadline for completion of expert discovery.

7.      Deadline for Filing Dispositive Motions.

a.      Dispositive motions shall be filed no later than February 28, 2023. Such motions must comply in all respects with the Federal Rules of Civil Procedure and the Local Rules.

b.      **Summary Judgment Requirements:** This Court is suspending

- 4 -

LRCiv 56.1, except subsection (d).  The Court will decide summary judgment motions under Fed.R.Civ.P. 56 only.  Therefore, the parties may not file separate statements of facts or controverting statements of facts.  Rather, the parties must include all facts in the motion, response, or reply itself.  All evidence to support a motion or response must be attached to the motion or response and consistent with LRCiv 56.1(f).  The evidence may include only relevant excerpts rather than full documents.  No evidence may be submitted with a reply.  Each citation to evidence in support of a fact must include a pin citation to the specific page(s) proving that fact.[1]

Procedurally, immediately following the motion should be a _numerical_ table of contents of the exhibits.  The table of contents shall include only a title for each exhibit, not a description.  Following the table of contents should be each exhibit, *numbered* individually.  Immediately following the response to the motion should be an _alphabetical_ table of contents.  The table of contents shall include only a title for each exhibit, not a description.  Following the table of contents should be each exhibit, labeled *alphabetically*.  For example, citations to exhibits to the motion would be "(Ex. 1 at 7)," and citations to exhibits to the response would be "(Ex. D at 3)."

c.    No party shall file more than one motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure unless permission is first obtained from the Court.

d.    Failure to respond to a motion within the time periods provided in

---

[1]    The Court is revising its summary judgment review practice due to the routine misuse of statements of facts, a misuse evidenced by statements of facts which significantly exceed the motion/response in length and/or lack pin cites directing the Court to facts within voluminous materials.  There should never be a fact in a statement of facts or controverting statement of facts that was not in the motion/response.  The problem is compounded when – for example – a statement of facts cites to 100 pages (e.g., a deposition) without any pin cite to where an asserted fact is contained therein.  **No party shall presume the Court will hunt for facts or theories that might support either party's case.  The Court will rely solely upon the attached evidence to verify facts asserted in the motion, response, or reply as identified by a pin cite.**  A reply may cite only evidence attached to the motion or response and may not add new evidence.  Because no controverting statement of facts will be permitted, the responding party, in the response or reply, must address all material facts raised in the motion or response.  **Any fact that is not addressed may be deemed by the Court to be uncontested.**

Local Rule of Civil Procedure 7.2 may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily pursuant to Local Rule of Civil Procedure 7.2(i).

e.     A party desiring oral argument shall place the words "Oral Argument Requested" immediately below the title of the motion pursuant to Local Rule of Civil Procedure 7.2(f).  The Court may issue an order scheduling oral argument as it deems appropriate.

f.     The parties are directed to the Electronic Case Filing Administrative Policies and Procedures Manual for the District of Arizona with respect to providing paper courtesy copies of certain filings to Chambers.

8.     Deadline for Engaging in Good Faith Settlement Talks.  All parties and their counsel shall meet in person and engage in good faith settlement talks no later than October 1, 2022.  No later than **five working days** after the deadline set forth in the preceding sentence, the parties shall file a joint report on settlement talks executed by or on behalf of all counsel.

9.     Settlement Conference Before a Magistrate Judge.  The parties shall indicate when assistance from the Court is needed in seeking settlement of the case.  **Upon a joint request by the parties**, the Court will refer the matter for a settlement conference before a Magistrate Judge.

10.     Deadline for Notice of Readiness for Pretrial Conference.  The Plaintiff(s) shall notify the Court that the parties are ready for scheduling of a Final Pretrial Conference pursuant to Rule 16(d) of the Federal Rules of Civil Procedure. The Plaintiff(s) shall file and serve this notice within **ten days** after the dispositive motion deadline if no dispositive motions are pending on that date. If dispositive motions are pending, Plaintiff(s) shall file and serve such notice within **ten days** after the resolution of dispositive motions. The Court will then issue an Order Setting Final Pretrial Conference that (a) sets deadlines for briefing motions in limine, (b) includes a form for the completion of the parties' Joint Proposed Final Pretrial Order, and (c) otherwise instructs the parties concerning their duties in

preparing for the Final Pretrial Conference. A firm trial date will be set at the Final Pretrial Conference.

11. Sanctions for Failure to Meet Deadlines. The parties are warned that failure to meet any of the deadlines in this Order or in the Federal Rules of Civil Procedure without substantial justification may result in sanctions.

If a party seeks an extension of any deadlines set forth in this Order, the party must request the extension prior to the deadline and must set forth good cause for the request. The Court will not extend any deadlines in this Order absent a showing of good cause.

12. Briefing Requirements.

a. All memoranda filed with the Court shall comply with Local Rule of Civil Procedure 7.1(b) requiring 13 point font in text and footnotes.

b. Citations in support of any assertion in the text shall be included in the text, not in footnotes.

**TAKE NOTICE** that the deadlines contained herein are real. Pursuant to the Civil Justice Reform Act of 1990 the Court is obligated to facilitate civil cases in a manner which reduces delay of adjudication. The Court expects the parties to adhere to the case management schedule as well as to the Federal Rules of Civil Procedure and Local Rules. Requests to extend deadlines shall be made only under extraordinary circumstances; s*ettlement negotiations do not constitute extraordinary circumstances.*

**IT IS FINALLY ORDERED** that the Rule 16 Scheduling Conference set for November 30, 2021 is **VACATED**.

Dated this 23rd day of November, 2021.

Honorable Diane J. Humetewa
United States District Judge

- 7 -