**McGLINCHEY STAFFORD, PLLC**
Magdalen Blessey Bickford (La. Bar No. 17472 *Admitted Pro Hac Vice*)
Camille R. Bryant (La. Bar No. 35063, *Admitted Pro Hac Vice*)
601 Poydras Street, 12th Floor
New Orleans, Louisiana 70130
Telephone:    (504) 586-1200
Facsimile:    (504) 596-2800

Attorneys for *Defendant* **LASALLE CORRECTIONS WEST, LLC**

## UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

### PHOENIX DIVISION

| | |
|---|---|
| Edith Stanfield, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  v.<br><br>Lasalle Corrections West, LLC,<br><br>    Defendant. | Case No.: 2:21-cv-01535-DJH<br><br>**ANSWER TO ORIGINAL COMPLAINT – COLLECTIVE ACTION** |

NOW INTO COURT, through undersigned counsel, comes Defendant **LASALLE CORRECTIONS WEST, LLC** ("LaSalle"), who respectfully responds to Plaintiff's Original Complaint – Collective Action ("Complaint") as follows:

### I.    Preliminary Statements

1.    Paragraph 1 of the Complaint is an introductory statement alleging conclusions of law, which require no response of Defendant.  To the extent that any response is deemed required, Defendant denies the allegations of this Paragraph.

**ANSWER TO ORIGINAL COMPLAINT – COLLECTIVE ACTION**
18662887.1

2.      Paragraph 2 of the Complaint is an introductory statement alleging conclusions of law, which require no response of Defendant.  To the extent that any response is deemed required, Defendant denies the allegations of this Paragraph. In addition, Defendant expressly denies any liability to Plaintiff or those who may be similarly situated.

## II.      Jurisdiction and Venue

3.      In response to Paragraph 3 of the Complaint, Defendant admits that this Honorable Court has jurisdiction over this lawsuit as currently plead.

4.      In response to Paragraph 4 of the Complaint, Defendant admits that venue is proper for this lawsuit.  All other factual allegations are denied.

## III.      The Parties

5.      Defendant is without sufficient information to admit or deny the allegations of Paragraph 5 of the Complaint.

6.      Defendant admits the allegations of Paragraph 6 of the Complaint.

7.      Defendant denies the allegations of Paragraph 7 of the Complaint as written.

8.      Defendant denies the allegations of Paragraph 8 of the Complaint as written.

## IV.      Factual Allegations

9.      The allegations contained in Paragraph 9 of the Complaint are legal reservations that require no response. To the extent that a response is deemed required, Defendant denies the allegations of this Paragraph.

10.      Defendant denies the allegations of Paragraph 10 of the Complaint as written.

11.      Defendant admits the allegations of Paragraph 11 of Plaintiff's Complaint.

2                                      CASE NO. 2:21-cv-01535-DJH

**ANSWER TO ORIGINAL COMPLAINT – COLLECTIVE ACTION**

18662887.1

12. Defendant admits the allegations of Paragraph 12 of the Complaint.

13. The allegations contained in Paragraph 13 of the Complaint constitute legal conclusions, which require no response. To the extent a response is deemed required, the allegations are denied.

14. Defendant admits the allegations of Paragraph 14 of the Complaint.

### A. Regular Rate Claim – Nurses

15. Defendant admits the allegations of Paragraph 15 of the Complaint.

16. In response to Paragraph 16 of the Complaint, Defendant admits that Plaintiff was paid an hourly differential for some designated assigned shifts. The remaining allegations set forth in Paragraph 16 of the Complaint are denied.

17. In response to Paragraph 17 of the Complaint, Defendant admits that some nurses in their employ were paid an hourly differential for some designated shifts. The remaining allegations set forth in Paragraph 17 of the Complaint are denied.

18. In response to Paragraph 18 of the Complaint, Defendant admits that it employed nurses in the course and scope of its business. The remaining allegations set forth in Paragraph 18 are denied.

19. Defendant denies the allegations of Paragraph 19 of the Complaint as written.

20. Defendant denies the allegations of Paragraph 20 of the Complaint.

21. Defendant denies the allegations of Paragraph 21 of the Complaint.

22. Defendant denies the allegations of Paragraph 22 of the Complaint.

23. The allegations contained in Paragraph 23 of the Complaint constitute a statement of law, which requires no response. To the extent that a response is deemed necessary, Defendant denies the allegations of Paragraph 23 of the Complaint.

24. Defendant denies the allegations of Paragraph 24 of the Complaint.

25. Defendant denies the allegations of Paragraph 25 of the Complaint.

**ANSWER TO ORIGINAL COMPLAINT – COLLECTIVE ACTION**

18662887.1

26.    Defendant denies the allegations of Paragraph 26 of the Complaint.

27.    Defendant denies the allegations of Paragraph 27 of the Complaint.

**B.    Hourly Employees – Off the Clock Work**

28.    Defendant admits the allegations of Paragraph 28 of the Complaint.

29.    Defendant denies the allegations of Paragraph 29 of the Complaint.

30.    Defendant denies the allegations of Paragraph 30 of the Complaint.

31.    Defendant denies the allegations of Paragraph 31 of the Complaint.

32.    Defendant denies the allegations of Paragraph 32 of the Complaint.

33.    Defendant denies the allegations of Paragraph 33 of the Complaint.

34.    Defendant denies the allegations of Paragraph 34 of the Complaint.

35.    Defendant denies the allegations of Paragraph 35 of the Complaint.

36.    Defendant is without sufficient information to admit or deny the allegations of Paragraph 36 of the Complaint.

37.    The allegations contained in Paragraph 37 of the Complaint consist of legal conclusions, which require no response. To the extent that a response is deem required, Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38.    Defendant denies the allegations of Paragraph 38 of the Complaint.

39.    Defendant denies the allegations of Paragraph 39 of the Complaint.

40.    Defendant denies the allegations of Paragraph 40 of the Complaint.

41.    Defendant denies the allegations of Paragraph 41 of the Complaint.

**ANSWER TO ORIGINAL COMPLAINT – COLLECTIVE ACTION**

18662887.1

## V.    Representative Action Allegations

42.    The allegations of Paragraph 42 of the Complaint constitute legal reservations, which require no response.  To the extent that any response is deemed required, Defendant denies the allegations contained in Paragraph 42 of the complaint.

43.    Defendant denies the allegations of Paragraph 43 of the Complaint, inclusive of sub-paragraphs A-C,  and asserts that Plaintiff, as well as any persons similarly situated have incurred no damages under the FLSA.

44.    Defendant denies the allegations of Paragraph 44 of the Complaint and reserves all rights to challenge the proposed collectives.

45.    The allegations of Paragraph 45 of the Complaint contain legal assertions, which do not require a response. To the extent that a response is deemed required, Defendant denies the allegations contained in Paragraph 45.

46.    The allegations of Paragraph 46 of the Complaint contain legal conclusions, which do not require a response. To the extent that a response is deemed required, Defendant denies the allegations contained in Paragraph 46.

47.    Defendant denies the allegations of Paragraph 47 of the Complaint, including subparts A-E.

48.    Defendant denies the allegations of Paragraph 48 of the Complaint.

49.    Defendant denies the allegations of Paragraph 49 of the Complaint, including subparts A-C.

50.    Defendant denies the allegations of Paragraph 50 of the Complaint.

51.    Defendant denies the allegations of Paragraph 51 of the Complaint.

52.    Defendant denies the allegations of Paragraph 52 of the Complaint.

**ANSWER TO ORIGINAL COMPLAINT – COLLECTIVE ACTION**
18662887.1

## VI.    First Claim for Relief (Individual Claim for Violation of the FLSA)

53.    The allegations of Paragraph 53 of the Complaint contain legal reservations, which require no response.  To the extent that a response is deemed required, Defendant denies the allegations.

54.    The allegations of Paragraph 54 of the Complaint are legal reservations, which require no response.  To the extent that a response is deemed required, Defendant denies the allegations.

55.    Defendant admits the allegations of Paragraph 55 of the Complaint.

56.    The allegations of Paragraph 56 of the Complaint constitute legal conclusions, which require no response.  To the extent that a response is deemed required, Defendant denies the allegations.

57.    The Defendant denies the allegations of Paragraph 57 of the Complaint.

58.    Defendant denies the allegations of Paragraph 58 of the Complaint.

59.    Defendant denies the allegations of Paragraph 59 of the Complaint.

60.    Defendant denies the allegations of Paragraph 60 of the Complaint.

61.    Defendant denies the allegations of Paragraph 61 of the Complaint.

62.    Defendant denies the allegations of Paragraph 62 of the Complaint.

63.    Defendant denies the allegations of Paragraph 63 of the Complaint.

64.    Defendant denies the allegations of Paragraph 64 of the Complaint.


## VII.    Second Claim for Relief (Collective Action Claim for Violation of the FLSA – Nurses)

65.    The allegations of Paragraph 65 of the Complaint constitute legal reservations, which require no response.  To the extent that a response is deemed required, Defendant denies the allegations.

66.    Defendant denies the allegations of Paragraph 66 of the Complaint.

67.    The allegations of Paragraph 67 of the Complaint constitute legal conclusions, which require no response.  To the extent that a response is deemed required, Defendant denies the allegations.

68.    Defendant denies the allegations of Paragraph 68 of the Complaint.

**ANSWER TO ORIGINAL COMPLAINT – COLLECTIVE ACTION**
18662887.1

69.     Defendant denies the allegations of Paragraph 69 of the Complaint.

70.     Defendant denies the allegations of Paragraph 70 of the Complaint.

71.     Defendant denies the allegations of Paragraph 71 of the Complaint.

72.     Defendant denies the allegations of Paragraph 72 of the Complaint.

73.     Defendant denies the allegations of Paragraph 73 of the Complaint.

## VIII.    Third Claim for Relief (Collective Action Claim for Violation of the FLSA – Hourly Employees)

74.     The allegations of Paragraph 74 of Plaintiff's Complaint are legal reservations which require no response.  Any remaining allegations are denied.

75.     Defendant denies the allegations of Paragraph 75 of the Complaint.

76.     The allegations of Paragraph 76 of the Complaint constitute legal conclusions, which require no response.  To the extent that a response is deemed required, Defendant denies the allegations.

77.     Defendant denies the allegations of Paragraph 77 of the Complaint.

78.     Defendant denies the allegations of Paragraph 78 of the Complaint.

79.     Defendant denies the allegations of Paragraph 79 of the Complaint.

80.     Defendant denies the allegations of Paragraph 80 of the Complaint.

81.     Defendant denies the allegations of Paragraph 81 of the Complaint.

82.     Defendant denies the allegations of Paragraph 82 of the Complaint.

### PRAYER FOR RELIEF

Defendants deny all allegations of fact and law in Plaintiff's "prayer for relief, inclusion of subparts A through F.

### JURY DEMAND

Defendant requests trial by jury.

CASE NO. 2:21-cv-01535-DJH

**ANSWER TO ORIGINAL COMPLAINT – COLLECTIVE ACTION**

18662887.1

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed because it fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

The Complaint is not appropriate for collective action treatment under 29 U.S.C. § 216(b).

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is neither "similarly situated" to members of the opt-in class, which Plaintiff seeks to represent under 29 U.S.C. § 216(b).

### FIFTH AFFIRMATIVE DEFENSE

At all relevant times to this lawsuit, Defendant acted in good faith and did not violate any of Plaintiff's rights under any federal or state law, regulation, or guideline and had reasonable grounds for believing its actions with respect to Plaintiff were not in violation of any law, rule, regulation, or guideline.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint must be dismissed on the grounds that Plaintiff lacks standing to bring or maintain all or part of this action.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed because Plaintiff is not a covered "employee" under the Fair Labor Standard Act or other applicable law.

### EIGHTH AFFIRMATIVE DEFENSE

Any alleged overtime work by Plaintiff or those potentially similarly situation was not compensable as Plaintiff and those potentially similarly situated were exempt employees.

### NINTH AFFIRMATIVE DEFENSE

Those alleged to be "similarly situated" to Plaintiff have no common duty, lack numerosity and fail to satisfy legal requirements for collective action under the FLSA.

**ANSWER TO ORIGINAL COMPLAINT – COLLECTIVE ACTION**

18662887.1

**TENTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff's claimed damages were caused, in whole or in part, by her failure to follow Defendant's policies, Plaintiff's claims are barred by the doctrine of in *pari delicto* and the doctrine of avoidable consequences.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for damages are barred, in whole or in part, by her own behavior, the doctrine of unjust enrichment and the doctrine of unclean hands.

**TWELFTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff would be awarded damages, the damages should be reduced by Plaintiff's failure to mitigate her damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Some or all of the claims asserted in the Complaint may be untimely and/or barred by one or more contractual defenses, waiver, unclean hands, accord and satisfaction, res judicata and/or estoppel.

**FOURTEENTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff seeks liquidated damages, that request should be dismissed because Defendant acted with legitimate business purposes and did not act with malice or with reckless disregard for Plaintiff's federally protected rights, therefore, Plaintiffs are not entitled to an award of liquidated damages.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiffs failed to exhaust the administrative remedies required to pursue a claim.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's recovery in this matter, if any, must be limited by applicable damages caps.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

At no time did Defendant compel Plaintiff, or any person arguably similarly situated, to take a COVID test and Defendant is not responsible for compensation or fees associated with any testing.

**ANSWER TO ORIGINAL COMPLAINT – COLLECTIVE ACTION**

18662887.1

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by the fault of others for whom Defendant is not responsible.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant is entitled to an offset of any alleged damages that may be awarded to Plaintiff or those similarly situated based on sums Defendant, which were in excess of the scope of work, performed.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant is entitled to an offset of any alleged damages that may be awarded to Plaintiff or those similarly situated based on sums Defendant, which were in excess of the scope of the work defined performed.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant asserts the affirmative defense of sovereign and governmental immunity under Federal and Arizona law, which protects the States, their agencies, political subdivision and officials from suit and liability.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant reserves the right to add additional affirmative defenses, as they become known through further investigation and/or discovery.

**WHEREFORE**, Defendant, LaSalle Corrections West, LLC, prays that its Answer to Plaintiff's Original Complaint – Collective Action be deemed good and sufficient and, after due proceedings are had there be judgment herein in its favor and against Plaintiff, Edith Stanfield, individually and on behalf of all other similarly situation, at Plaintiff's costs, and for all other general and equitable relief.

**ANSWER TO ORIGINAL COMPLAINT – COLLECTIVE ACTION**

18662887.1

Respectfully submitted,

DATED:  December 6, 2021

**McGLINCHEY STAFFORD, PLLC**

By: */s/ Camille R. Bryant*
    MAGDALEN BLESSEY BICKFORD
    CAMILLE R. BRYANT
    Attorneys for *Defendant*
    **LASALLE CORRECTIONS WEST, LLC**

    AND

    BRIAN PAINO
    Attorneys for *Defendant*
    **LASALLE CORRECTIONS WEST, LLC**

**SHERMAN & HOWARD, L.L.C.**

By: */s/ Lori Wright Keffer*
    JOHN ALAN DORAN
    LORI WRIGHT KEFFER
    Attorneys for *Defendant*
    **LASALLE CORRECTIONS WEST, LLC**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all counsel of record and unrepresented parties in this matter via electronic mail, facsimile transmission, and/or U. S. Mail, first class, postage prepaid and properly addressed this 6th day of December, 2021.

    */s/ Camille R. Bryant*
    CAMILLE R. BRYANT

CASE NO. 2:21-cv-01535-DJH
**ANSWER TO ORIGINAL COMPLAINT – COLLECTIVE ACTION**
18662887.1