# CONFIDENTIAL
# SETTLEMENT AGREEMENT AND RELEASE

This Confidential, Receipt, Release, and Indemnity Agreement ("Agreement") is made and entered into as of the date upon which the last Party signature is affixed (the "Effective Date") by and among: LaSalle Corrections West, LLC ("LaSalle"), Edith Stanfield, Cassandra A. Drake, and Allison Patrick.

Collectively referred to herein as the "Parties."

## RECITALS

This Agreement is made with reference to the following facts:

**WHEREAS**, on September 8, 2021, Edith Stanfield filed an Original Complaint – Collective Action against LaSalle, styled *Edith Stanfield, Individually and on Behalf of All Others Similarly Situated vs. LaSalle Corrections West, LLC,* United States District Court for the District of Arizona – Phoenix Division, Civil Action No. 2:21-cv-01535 (hereafter referred to as the "Litigation"). Following the Parties' dissemination of Court-approved Notice and Consent to Join forms, 4 individuals returned Consent to Join forms, joining the case and authorizing Named Plaintiff to represent their interests in the case. Of these individuals, 2 were subsequently dismissed from the case. There are now a total of 3 Plaintiffs in the Litigation.

**WHEREAS**, LaSalle denies that it committed any wrongdoing or violated any state or federal laws pertaining to the Litigation, or any other capacity.

**WHEREAS,** the Parties desire to settle their difference, compromise their disputes, release each other from any and all liability, except as specifically provided herein, and avoid the expenses of continuing litigation.

**NOW THEREFORE,** in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, the Parties agree to be legally bound by the following terms and conditions, which constitute full settlement of any and all disputes between them.

## AGREEMENT

The Parties agree as follows:

I. **Recitals**: The Parties acknowledge that the "WHEREAS" clauses preceding paragraph 1 are true and correct and are incorporated herein as material parts of this Agreement.

II. **Definitions**: Throughout this Agreement, LaSalle includes the following:

   A. LaSalle Corrections West, LLC, as well as all officers, directors, trustees, stockholders, general partners, limited partners, employees, servants, agents, administrators, insurers, brokers, underwriters, heirs, descendants, predecessors, successors and assigns, reinsurers, excess insurers, legal representatives,

  corporations, partnerships, limited partnerships, limited liability companies, affiliates, parent companies and subsidiaries (partially or wholly owned).

III. **Settlement Sum**: As consideration for signing this Agreement and in compliance with the promises made herein, LaSalle agrees to pay to Edith Stanfield, Cassandra A. Drake, Allison Patrick TWENTY-ONE THOUSAND FOUR HUNDRED FORTY-SEVEN DOLLARS AND FIFTY-FOUR CENTS ($21,447.54) for alleged damages and costs. This sum shall be allocated as follows:

  A. SIX HUNDRED TWENTY NINE DOLLARS AND FIFTY EIGHT CENTS ($629.58), less applicable withholdings for income taxes and FICA, which sum shall be payable to Edith Stanfield in a check as compensation for claims for back pay or other lost wages and benefits, liquidated damages and other sums for which an IRS form W-2 will be issued.

  B. SIX HUNDRED SEVENTY SEVEN DOLLARS AND EIGHT CENTS ($677.08), less applicable withholdings for income taxes and FICA, which sum shall be payable to Cassandra A. Drake in a check as compensation for claims for back pay or other lost wages and benefits, liquidated damages and other sums for which an IRS form W-2 will be issued.

  C. NINE HUNDRED TWENTY FIVE DOLLARS AND EIGHTY TWO CENTS ($925.82), less applicable withholdings for income taxes and FICA, which sum shall be payable to Allison Patrick in a check as compensation for claims for back pay or other lost wages and benefits, liquidated damages and other sums for which an IRS form W-2 will be issued.

  D. EIGHTEEN THOUSAND SEVEN HUNDRED FIFTEEN DOLLARS AND SIX CENTS ($18,715.06), which sum shall be payable to Sanford Law Firm in a check as payment for attorneys' fees and expenses, for which an IRS Form 1099 will be issued.

  The parties shall provide the consideration identified in this paragraph III no later than thirty (30) days after receiving all of the following items: (1) an original of this Agreement appropriately signed and dated by the Parties; and (2) the Court's approval of this Agreement and dismissal of the Litigation with prejudice. Within seven (7) days of complete execution of this Agreement by the Parties, the Parties will file a Motion for Approval of Settlement, seeking the Court's approval of this Agreement and dismissal of the Litigation with prejudice.

IV. **Consideration**: Edith Stanfield, Cassandra A. Drake, Allison Patrick, understand and agree that they would not receive the monies and/or benefits specified in Paragraph 3, above, but for their execution of this Agreement and the fulfillment of the promises contained herein.

V. **Release of Claims**:

  A. In exchange for, and in consideration of, the payments, benefits, and other commitments described above, Plaintiffs hereby fully, finally and forever release and discharge LaSalle from any and all claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, arising on or

before the date Named Plaintiff signs this Agreement, against LaSalle for alleged unpaid wages, liquidated or other damages, unpaid costs, penalties, premium pay, interest, restitution or other compensation and relief arising from the alleged failure to properly pay such to Plaintiffs under the FLSA and the laws of any state, county, municipality or other governmental subdivision of the United States, including but not limited to, the State of Arizona, regarding failure to pay minimum wages and/or overtime wages.

B. This Agreement shall not apply to rights or claims that may arise after the Effective Date of this Agreement.

C. Nothing in this paragraph or this Agreement is intended to limit or restrict any rights Edith Stanfield, Cassandra A. Drake, or Allison Patrick may have to enforce this Agreement or challenge the Agreement's validity under the ADEA, or any other right that cannot, by express and unequivocal terms of law, be limited, waived, or extinguished.

VI. **Tax Liability:** In paying the amount specified in paragraph 3, LaSalle makes no representation regarding the tax consequences or liability arising from said payment.

VII. **No Applicable Liens**: Edith Stanfield, Cassandra A. Drake, and Allison Patrick warrant that there are no liens or similar claims on any or all of the compensation provided under Paragraph 3 of this Agreement. If any liens or similar claims are made to Edith Stanfield, Cassandra A. Drake, and Allison agree to assume liability for such lien(s) or claim(s) and defend and indemnify LaSalle should defense or indemnity be requested. This would include, but is not limited to any claims for reimbursement of medical expenses by a private insurer, Medicaid, or Medicare.

VIII. **No Further Employment:** Edith Stanfield, Cassandra A. Drake, and Allison Patrick acknowledge that their relationship with LaSalle has ended. Edith Stanfield, Cassandra A. Drake, and Allison Patrick permanently, unequivocally, and unconditionally waive any and all rights they may now have, may have had in the past, or may have in the future to obtain or resume an employment relationship with LaSalle. Edith Stanfield, Cassandra A. Drake, and Allison Patrick agree never to apply for employment or serve as an agent with LaSalle, their parent, successors, affiliates, and subsidiaries. In the event that Edith Stanfield, Cassandra A. Drake, or Allison Patrick are ever mistakenly employed by LaSalle, their parent, successors, affiliates, and/or subsidiaries, Edith Stanfield, Cassandra A. Drake, and Allison Patrick agree to terminate their employment with no resulting claim or cause of action against LaSalle, their parent, successors, affiliates, and/or subsidiaries.

IX. **No Assignment:** The Parties represent and warrant that no person other than the signatories hereto had or has any interest in the matters referred to in this Agreement, that the Parties have the sole right and exclusive authority to execute this Agreement, and that the Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of any claim, demand or legal right that is the subject of this Agreement.

X. **Confidentiality:** In consideration of the obligations under this AGREEMENT, the Parties agree that this Agreement and the terms and conditions hereof, the consideration paid under this Agreement, and the events giving rise to this Agreement, are strictly, and shall forever remain, confidential, and that neither the Parties nor their heirs, agents, executors,

administrators, attorneys, legal representatives or assigns, shall disclose or disseminate, directly or indirectly, any information concerning any such terms to any third person(s), including, but not limited to, representatives of the media or any present or former employees of LaSalle, under any circumstances, except the Parties may disclose the terms of this Agreement to their spouse, attorney, accountant, tax advisor, the Internal Revenue Service, or as otherwise required or permitted by law ("Third Parties"), provided, however, that the Third Parties to whom such disclosure is made shall agree in advance to be bound by the terms of this paragraph 11 and all of its subparts.

    **A.** If Edith Stanfield, Cassandra A. Drake, or Allison Patrick are required to disclose this Agreement, its terms or underlying facts pursuant to court order and/or subpoena, the respective Party shall notify LaSalle, in writing via facsimile, or depositing it with a nationally recognized overnight courier service that obtains receipts (such as Federal Express or UPS Next Day Air), or U.S. certified mail, within 72 hours of her receipt of such court order and/or subpoena, and simultaneously provide LaSalle with a copy of such court order and/or subpoena. The notice shall comply with the notice requirements set forth below in paragraph 23. Edith Stanfield, Cassandra A. Drake, and Allison Patrick agree to waive any objection to any request that the document production or testimony be done *in camera* and under seal.

    **B.** Edith Stanfield, Cassandra A. Drake, and Allison Patrick acknowledge that a violation of paragraph 11 or any of its subparts would cause immeasurable and irreparable damage to LaSalle in an amount incapable of precise determination. Accordingly, Edith Stanfield, Cassandra A. Drake, and Allison Patrick agree that LaSalle, shall be entitled to injunctive relief in any court of competent jurisdiction for any actual or threatened violation of paragraph 11 and all of its subparts, in addition to any other available remedies.

However, nothing provided herein is intended to prevent Plaintiffs from notifying, testifying, or cooperating with any agency or regulator or judicial proceeding, or to engage in concerted protected activity under the National Labor Relations Act. Nothing provided herein is intended to infringe on rights under the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1833(b)(1), which provides that an individual may not be held criminally or civilly liable under any federal or state trade secret law for the disclosure of a trade secret that: (a) is made (i) in confidence to a federal, state, or local government official, either directly or indirectly, or to an attorney; and (ii) is made solely for the purpose of reporting or investigating a suspected violation of law; or (b) is made in a complaint or other document filed in a lawsuit or other proceeding, if such filing is made under seal. Similarly, nothing provided herein is intended to infringe on rights under the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1833(b)(2), including specifically the rights of an individual who files a lawsuit for retaliation by an employer for reporting a suspected violation of law to disclose the trade secret to the attorney of the individual and to use the trade secret information in the court proceeding, provided the individual files any document containing the trade secret under seal and does not disclose the trade secret, except pursuant to court order.

**XI.** **Non-Disparagement:** The Parties mutually agree that they will not provide information, issue statements, or take any action, directly or indirectly, that would cause embarrassment

or humiliation or otherwise cause or contribute to a Party being held in disrepute. However, nothing provided herein is intended to prevent Plaintiffs from exercising any rights discussed in the above paragraph, including but not limited to notifying, testifying, or cooperating with any agency or regulator or judicial proceeding, or ability to communicate with any federal, state, or local agency, or to engage in concerted protected activity under the National Labor Relations Act.

XII. **Neutral Reference:** LaSalle agrees that if asked for a reference, it will respond that pursuant to Company policy, LaSalle can only provide your name, your position, the dates of employment and, with written authority from you, your salary and will provide only such information in response to a request for reference. Such inquiries should be directed to LaSalle's Human Resources department.

XIII. **Governing Law and Jurisdiction:** This Agreement shall be governed and conformed in accordance with the laws of the state of Arizona.

XIV. **Conditions:** Should any Party to this agreement ever breach any provision or obligation under this AGREEMENT, the breaching Party explicitly agrees to pay all damages (including, but not limited to, litigation and/or defense costs, expenses, and reasonable attorneys' fees) incurred by because of the breach. Nothing in this paragraph shall, or is intended to, limit or restrict any other rights or remedies the Parties may have by virtue of this AGREEMENT or otherwise.

XV. **No Admission of Liability:** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at anytime for any purpose as an admission by LaSalle of any liability, wrongdoing, or unlawful conduct of any kind.

XVI. **Headings:** The headings of the provisions herein are intended for convenient reference only, and they shall not be deemed to be, interpretative of the contents of such provision.

XVII. **Modification of Agreement:** This AGREEMENT may not be amended, revoked, changed, or modified in any way, except in writing executed by all Parties. The Parties agree not to make any claim at any time or place that this AGREEMENT has been verbally modified in any respect whatsoever. No waiver of any provision of this AGREEMENT will be valid unless it is in writing and signed by the Party against whom such waiver is charged.

XVIII. **Interpretation:** The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This Agreement has been negotiated by and between attorneys for the Parties and shall not be construed against the "drafter" of the Agreement.

XIX. **Severability:** The parties explicitly acknowledge and agree that the provisions of this Agreement are both reasonable and enforceable. However, if any portion or provision of this Agreement is determined to be illegal, invalid, or unenforceable by any court of competent jurisdiction and cannot be modified to be legal, valid, or enforceable, the remainder of this Agreement shall not be affected by such determination and shall be valid and enforceable to the fullest extent permitted by law, and said illegal, invalid, or unenforceable portion or provision shall be deemed not to be a part of this Agreement.

XX. **Binding Nature of Agreement:** This Agreement shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of each party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

XXI. **Entire Agreement:** This Agreement sets forth the entire Agreement between the Parties hereto, and fully supersedes any prior obligation of the parties to each other. The Parties acknowledge that they have not relied on any representations, promises, or agreements of any kind made in connection with their decision to accept this Agreement, except for those set forth in this Agreement.

XXII. **Notice Requirements:** Each notice ("Notice") provided for under this Agreement, must comply with the requirements as set forth in this paragraph. Each Notice shall be in writing and sent by facsimile or depositing it with a nationally recognized overnight courier service that obtains receipts (such as Federal Express or UPS Next Day Air), addressed to the appropriate party (and marked to a particular individual's attention, if so indicated) as hereinafter provided. Each Notice shall be effective upon being so telecopied or deposited, but the time period in which a response to any notice must be given or any action taken with respect thereto shall commence to run from the date of receipt of the Notice by the addressee thereof, as evidenced by the return receipt. Rejection or other refusal by the addressee to accept or the inability to deliver because of a changed address of which no Notice was given shall be deemed to be the receipt of the Notice sent. Any party shall have the right from time-to-time to change the address or individual's attention to which notices to it shall be sent by giving to the other party at least ten (10) days prior Notice thereof. The Parties' addresses for providing Notices hereunder shall be as follows:

>Edith Stanfield, Cassandra A. Drake, and Allison Patrick
>c/o Josh Sanford
>Sanford Law Firm
>10800 Financial Centre Parkway, Suite 510
>Little Rock, Arkansas 72211
>Telephone: (501) 221-0088
>Email: josh@sanfordlawfirm.com

>LaSalle Corrections West
>c/o Camille Bryant
>McGlinchey Stafford PLLC
>601 Poydras Street – 12th Floor
>New Orleans, LA 70130
>Telephone: (504) 596-2726
>Facsimile: (504) 596-1200
>Email: cbryant@mcglinchey.com

XXIII. **Selective Enforcement:** The Parties agree that the failure of any party to enforce or exercise any right, condition, term, or provision of this Agreement shall not be construed

as or deemed a relinquishment or waiver thereof, and the same shall continue in full force and effect.

XXIV. **Compliance with Older Workers Benefit Protection Act:** Edith Stanfield, and Cassandra A. Drake being 40 years of age or older, are advised of and acknowledge the following:

A. **Twenty-One Day Consideration Period.** Edith Stanfield, and Cassandra A. Drake shall each individually have up to twenty-one (21) days to consider and accept the terms of this Agreement by fully executing and notarizing it below, and returning it to counsel for LaSalle, as identified in paragraph 23. During this twenty-one (21) day period and before signing this AGREEMENT, Edith Stanfield, and Cassandra A. Drake are encouraged to consult with an attorney regarding the terms and provisions of this Agreement, at their own expense. The terms and provisions of this Agreement are null and void if not accepted by all parties within the twenty-one (21) day period. Edith Stanfield, and Cassandra A. Drake may sign the Agreement prior to the conclusion of the twenty-one (21) day period.

B. **Release of Age Discrimination in Employment Act Claims.** By signing this Agreement, Edith Stanfield, and Cassandra A. Drake waive any claims they have or might have against LaSalle under the Age Discrimination in Employment Act ("ADEA") that accrued prior to the date of Edith Stanfield, and Cassandra A. Drake's execution of the Agreement.

C. **Revocation Period.** Edith Stanfield, and Cassandra A. Drake shall each have seven (7) calendar days from the date she signs the Agreement by notifying LaSalle in writing prior to the expiration of the seven (7) calendar day period. Any revocation within this period must state "I hereby revoke my acceptance of our Agreement and Release." The written revocation must be personally delivered to LaSalle in the manner proscribed by paragraph 23 above, and must be postmarked within seven (7) calendar days of Edith Stanfield, or Cassandra A. Drake's respective execution of this Agreement. This Agreement shall not become effective or enforceable until the revocation period has expired. If the last day of the revocation period is a Saturday, Sunday, or legal holiday, then the revocation period shall not expire until the next following day that is not a Saturday, Sunday, or legal holiday.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK. SIGNATURES TO FOLLOW.]**

EDITH STANFIELD IS HEREBY ADVISED THAT SHE HAS UP TO TWENTY-ONE (21) CALENDAR DAYS TO REVIEW AND CONSIDER THIS AGREEMENT AND IS HEREBY ADVISED IN WRITING TO CONSULT WITH AN ATTORNEY PRIOR TO EXECUTION OF THIS AGREEMENT.

EDITH STANFIELD AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS IN PARAGRAPH 3 ABOVE, EDITH STANFIELD FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE HER CLAIMS AS STIPULATED IN PARAGRAPH 5 ABOVE.

ACCEPTED AND AGREED:

By: _____*Edith C Stanfield*_____     9/21/23
**EDITH STANFIELD**                                      Date

CASSANDRA DRAKE IS HEREBY ADVISED THAT SHE HAS UP TO TWENTY-ONE (21) CALENDAR DAYS TO REVIEW AND CONSIDER THIS AGREEMENT AND IS HEREBY ADVISED IN WRITING TO CONSULT WITH AN ATTORNEY PRIOR TO EXECUTION OF THIS AGREEMENT.

CASSANDRA DRAKE AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS IN PARAGRAPH 3 ABOVE, CASSANDRA DRAKE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE HER CLAIMS AS STIPULATED IN PARAGRAPH 5 ABOVE.

ACCEPTED AND AGREED:

By: _____*[signature]*_____    9/21/23
     **CASSANDRA DRAKE**    Date

ALLISON PATRICK IS HEREBY ADVISED IN WRITING TO CONSULT WITH AN ATTORNEY PRIOR TO EXECUTION OF THIS AGREEMENT.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS IN PARAGRAPH 3 ABOVE, ALLISON PATRICK FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE HER CLAIMS AS STIPULATED IN PARAGRAPH 5 ABOVE.

ACCEPTED AND AGREED:

By: _____[signature]_____    9/21/23
**ALLISON PATRICK**                Date


LaSALLE CORRECTIONS WEST, LLC

By: _____[signature]_____    9/21/23
Its: _Director of Legal & Risk Mgmt._    Date