Josh Sanford (Ark. Bar No. 2001037)
Samuel Brown (Ark. Bar No. 2020210)
Sanford Law Firm, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
(501) 221-0088
josh@sanfordlawfirm.com
samuel@sanfordlawfirm.com
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| Edith Stanfield, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> Lasalle Corrections West, LLC, <br><br> Defendant. | No. CV-21-01535-PHX-DJH <br><br> **MEMORANDUM IN SUPPORT OF JOINT MOTION FOR APPROVAL OF SETTLEMENT** |

Plaintiff Edith Stanfield ("Named Plaintiff"), individually and on behalf of others similarly situated, and Defendant Lasalle Corrections West, LLC, ("Defendant"), by and through their undersigned counsel, jointly submit the following Memorandum in Support of Joint Motion for Approval of Settlement.

**I.     Factual Background**

Named Plaintiff initiated this action on September 8, 2021, alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq. *See* ECF No. 1. On an individual and collective basis, Plaintiff Edith Stanfield asserted that she and other

employees were hired by Defendant to work as hourly paid Registered Nurses and that Defendant paid an improper overtime rate for all hours worked over 40. *Id.* Specifically, Named Plaintiff claimed that Defendant did not calculate the $4 nighttime shift differential into the Registered Nurses' overtime rate, as required by the FLSA. *Id.*

Defendant denies that Named Plaintiff and other nurses worked hours for which they were unpaid, denied that a collective action was appropriate, and asserted various affirmative defenses. *See* ECF No. 20. Accordingly, there is a bona fide dispute as to FLSA wages owed to Named Plaintiff and those similarly situated.

On July 26, 2022, the Court conditionally certified a collective of "all hourly-paid nurses employed by Lasalle Corrections West, LLC, who worked over 40 hours in any week in which they also received a nighttime shift differential since September 1, 2021, for hourly-paid Nurses of Prairieland Detention Center and April 1, 2021, for hourly-paid Nurses of San Luis Regional Detention Center." ECF No. 33. Four other individuals opted into the lawsuit, for a total of 5 individuals. Two of these individuals subsequently withdrew from the case. *See* ECF Nos. 55 & 71. Allison Patrick and Cassandra Drake have remained in the case and now join this Motion (Named Plaintiff and these two individuals are hereinafter collectively referred to as "Plaintiffs").

Following the Notice period, the Parties exchanged documents pursuant to formal discovery, including time and payroll records, job duty information, and performance evaluations. Using this information, the Parties were able to more accurately gauge Defendant's potential exposure to damages from Plaintiffs' claims. Counsel for the Parties then entered into settlement negotiations at arm's-length, which ultimately

resulted in a Confidential Settlement Agreement, a copy of which is attached hereto as Exhibit 1 (the "Agreement"). The Parties now seek the Court's approval of their Agreement.

**II.     Legal Authorities**

Unlike most private settlements negotiated between parties in a civil action for damages, in an FLSA case, the parties must seek the district court's approval of the settlement's terms to ensure that it is enforceable and fair. *Juvera v. Salcido*, 2013 U.S. Dist. LEXIS 176716, *9 (D. Ariz. Dec. 16, 2013).

Although the Ninth Circuit has not squarely addressed the standard for approval of FLSA settlements, district courts throughout the Ninth Circuit have followed the standards laid out in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). *Lockwood v. R&M Towing LLC*, 2020 U.S. Dist. LEXIS 175913, *2 (D. Ariz. Sept. 24, 2020). Specifically, when parties seek judicial approval of an FLSA settlement, approval is warranted if the settlement reflects a "reasonable compromise over issues." *Lopez v. Ariz. Pub. Serv. Co.*, 2010 U.S. Dist. LEXIS 34086, *2 (D. Ariz. Jan. 27, 2010) (quoting *Lynn's*, 679 F.2d at 1354).

To be approved, an FLSA settlement agreement must constitute a "fair and reasonable resolution of a *bona fide* dispute." *Quintana v. HealthPlanOne LLC*, No. CV-18-02169-PHX-RM, 2019 WL 3342339, at *1–2 (D. Ariz. July 25, 2019); *Quiroz v. City of Ceres*, No. 1:17-CV-00444-DAD-BAM, 2019 WL 1005071, at *2 (E.D. Cal. Mar. 1, 2019) (citing *Dunn v. Teacher's Ins. & Annuity Ass'n of Am.,* No. 13-CV-05456-HSG, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016)); *see also Lynn's*, 679 F.2d at 1352–

53. To find a bona fide dispute, "[t]here must be 'some doubt . . . that the plaintiffs would succeed on the merits through litigation of their [FLSA] claims.'" *Quintana*, 2019 WL 1005071, at *1 (*quoting Selk v. Pioneers Mem. Healthcare Dist.,* 159 F. Supp. 3d 1164, 1172 (S.D. Cal. 2016)).

### III.   Fair and Reasonable Compromise of Bona Fide Dispute

The Parties have established the existence of a *bona fide* dispute; namely, Named Plaintiff alleged that Defendant violated the FLSA because it failed to pay her and others similarly situated properly calculated overtime compensation. Plaintiffs understand that success in litigation is not a certainty and a legitimate dispute existed on whether the overtime compensation Plaintiffs received was a proper amount. Accordingly, there was a *bona fide* dispute between the Parties that is fully resolved by the proposed Agreement. Moreover, approval of the Agreement will promote the policy of encouraging settlement of litigation. *See Selk*, 159 F. Supp. 3d at 1175.

Although denying any liability, solely for the purpose of resolving the matter, Defendant has agreed to pay Plaintiffs the amounts set forth in the Agreement. As part of settlement negotiations, counsel for the Parties exchanged offers and demands based on competing damages models. Following correspondence related to the damages models, counsel for the Parties ultimately agreed as to the correct model to use, which takes into account the hours each Plaintiff worked during the relevant period, the bonuses each Plaintiff received, and the difference between Plaintiffs' rate of pay and an "ideal" rate of pay which includes shift differentials paid to them.

Under the terms of the settlement, each Plaintiff is receiving an amount equal to

the lost wage damages determined for them based on this model. As originally pled, Plaintiffs sought these lost wage damages as well as an equal amount of liquidated damages, which, assuming Plaintiffs' total success, would have effectively doubled their total damages. However, counsel for Defendant supplied Plaintiffs' counsel with evidence that, in November of 2021, Plaintiffs were retroactively paid their disputed amounts for back wages. Accordingly, the Agreement affords each Plaintiff with their sought liquidated damages, the lost wage payment having already been provided.

This amount is reasonable because Defendant's position was that Plaintiffs were at all relevant times paid a proper overtime rate and that they were not entitled to any additional overtime compensation whatsoever. Furthermore, Plaintiffs' entitlement to liquidated damages was not assured. Defendant was prepared to offer evidence that it acted in good faith in calculating Plaintiffs' overtime wages which, if satisfactorily proven, would have foreclosed Plaintiffs' entitlement to liquidated damages. Counsel for the Parties believe that the settlement payment is in excess of the amounts Plaintiffs stood to receive at trial.

**IV.  Attorneys' Fees and Costs**

To determine whether the negotiated amount of attorney fees is reasonable, courts examine whether "counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Fontes v. Drywood Plus, Inc.*, 2013 U.S. Dist. LEXIS 169720, *18-19 (D. Ariz. Dec. 2, 2013) (quoting *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. Jan. 13, 2009).

To the extent that the Court wishes to determine the reasonableness of the attorney fee component of the Parties' Agreement, Plaintiffs' counsel aver that they are reasonable. Plaintiffs' counsel have billed over $31,000.00 to this matter in fees and costs at a blended hourly rate of $208, taking it from initial fact investigation and Complaint drafting, to work performed on a Motion for Conditional Certification and the following Court-approved Notice period, through damages calculations and settlement negotiations. At just 60% of Plaintiffs' counsel's billing to date, and given the favorable outcome secured by Plaintiffs in relation to their available damages at trial, the award of fees and costs is reasonable.

WHEREFORE, the parties respectfully request that the Court approve the Agreement as a reasonable compromise of a bona fide dispute, dismiss this lawsuit with prejudice, and retain jurisdiction over the matter to enforce the terms of the Agreement.

Respectfully submitted,

**EDITH STANFIELD, Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088

Samuel Brown
Ark. Bar No. 2020210
samuel@sanfordlawfirm.com

|   |   |   |
|---|---|---|
| | | */s/ Josh Sanford* |
| | | Josh Sanford |
| | | Ark. Bar No. 2001037 |
| | | josh@sanfordlawfirm.com |
| | **and** | **DEFENDANT LASALLE CORRECTIONS WEST, LLC** |

McGLINCHEY STAFFORD
18201 Von Karman Avenue, Suite 350
Irvine, California 92612
Telephone: (949) 381-5900

*/s/ Camille Bryant*
Brian Paino
Camille Bryant
Mag Bickford
McGLINCHEY STAFFORD
18201 Von Karman Avenue, Suite 350
Irvine, California 92612
Telephone: (949) 381-5900
bpaindo@mcglinchey.com
cbryant@mcglinchey.com
mbickford@mcglinchey.com

John Alan Doran
Jake Tyler Rapp
SHERMAN & HOWARD L.L.C.
2555 East Camelback Road, Suite 1050
Phoenix, Arizona 85016
Telephone: (602) 240-3000
jdoran@shermanhoward.com
jrapp@shermanhoward.com

**CERTIFICATE OF SERVICE**

I do hereby certify that, on this 21st day of September, 2023, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants, and by email and/or U.S. First Class Mail if non-registrants:

Brian Paino
Camille Bryant
Mag Bickford
McGLINCHEY STAFFORD
18201 Von Karman Avenue, Suite 350
Irvine, California 92612
(949) 381-5900
bpaino@mcglinchey.com
cbryant@mcglinchey.com
mbickford@mcglinchey.com

John Alan Doran
Jake Tyler Rapp
SHERMAN & HOWARD L.L.C.
2555 East Camelback Road, Suite 1050
Phoenix, Arizona 85016
Telephone: (602) 240-3000
jdoran@shermanhoward.com
jrapp@shermanhoward.com

                                            */s/ Josh Sanford*
                                            Josh Sanford