**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edith Stanfield, | No. CV-21-01535-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Lasalle Corrections West LLC, | |
| Defendant. | |

    This matter arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201–219 ("FLSA"). Plaintiff Edith Stanfield ("Plaintiff") and Defendant Lasalle Corrections West LLC ("Defendant") (collectively the "Parties") have jointly filed a Motion for Approval of Settlement (Doc. 72) (the "Joint Motion"), which includes a Proposed Settlement Agreement (72-1).[1] The Parties ask the Court to approve their Proposed Settlement Agreement and dismiss this action with prejudice. (*Id*. at 1). This Court recently decided that it would review FLSA settlement agreements for approval. *See Hoffman v. Pride Sec. LLC*, 2024 WL 579072, at *3 (D. Ariz. Feb. 13, 2024). So, the Court will do so here.

**I.     Background**

    Defendant is a correctional facility. (Doc. 1 at ¶ 14). Plaintiff is a registered nurse who works for Defendant. (*Id*. at ¶ 10). Plaintiff brought this action individually and on behalf of all others who are similarly situated against Defendant. (*See id*.) Plaintiff claims Defendant failed to pay its night-shift nursing staff differential pay or overtime pay as

---

[1] The Parties separately filed a Memorandum in Support of their Joint Motion for Approval. (Doc. 73).

required by their employment contracts and the FLSA. (*Id*. at ¶ 25). The Parties have agreed to a Proposed Settlement Agreement and ask the Court to approve it. (Doc. 72-1).

As outlined in their settlement agreement, the Parties agree that Defendant shall make the following payments to settle Plaintiffs' claims:

> **A.** SIX HUNDRED TWENTY-NINE DOLLARS AND FIFTY-EIGHT CENTS ($629.58), less applicable withholdings for income taxes and FICA, which sum shall be payable to Edith Stanfield in a check as compensation for claims for back pay or other lost wages and benefits, liquidated damages and other sums for which an IRS form W-2 will be issued.
>
> **B.** SIX HUNDRED SEVENTY-SEVEN DOLLARS AND EIGHT CENTS ($677.08), less applicable withholdings for income taxes and FICA, which sum shall be payable to Cassandra A. Drake in a check as compensation for claims for back pay or other lost wages and benefits, liquidated damages and other sums for which an IRS form W-2 will be issued.
>
> **C.** NINE HUNDRED TWENTY-FIVE DOLLARS AND EIGHTY-TWO CENTS ($925.82), less applicable withholdings for income taxes and FICA, which sum shall be payable to Allison Patrick in a check as compensation for claims for back pay or other lost wages and benefits, liquidated damages and other sums for which an IRS form W-2 will be issued.
>
> **D.** EIGHTEEN THOUSAND SEVEN HUNDRED FIFTEEN DOLLARS AND SIX CENTS ($18,715.06), which sum shall be payable to Sanford Law Firm in a check as payment for attorneys' fees and expenses, for which an IRS Form 1099 will be issued.

(Doc. 72-1 at 2). In exchange for these payments, Plaintiffs agree to release their claims against Defendant. (*Id*. at 2–3). Each party has signed the Proposed Settlement Agreement. (*Id*. at 8–10).

## II. Legal Standard

The ability or necessity to review FLSA settlements has not been addressed by binding Ninth Circuit authority. However, district courts in this circuit generally follow Eleventh Circuit precedent set out in *Lynn's Food Stores, Inc*. and review FLSA settlements when requested. *See Rape v. Shrader & Martinez Constr. USA LLC*, 2022 WL 4182351 (D. Ariz. Sept. 12, 2022) (stating that "[i]n deciding whether to approve the

parties' [FLSA] settlement, courts in the Ninth Circuit follow *Lynn's Foods*") (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982)). This Court was recently asked to decide "whether it must, or should, continue reviewing FLSA settlements for fairness and reasonableness." *Hoffman*, 2024 WL 579072, at *2. It concluded that it should in light of unpublished Ninth Circuit authority which "gives a subtle nod to courts, within this Circuit, that judicial approval of FLSA settlement agreements is appropriate." *Id*. at *3 (citing *Seminiano v. Xyris Enter., Inc.,* 602 F.App'x 682, 683 (9th Cir. 2015)).

### III. Discussion

The Court has reviewed the Parties' Proposed Settlement Agreement (Doc. 72-1) and finds its terms reflect a fair and reasonable compromise because they compensate Plaintiffs for unpaid wages and attorneys' fees in exchange for Defendant's release of liability. (*Id*. at 2–3). The uncertainty associated with further litigation and the void of liability supports the settlement amount. Moreover, Plaintiffs are made whole because they receive back pay and attorneys' fees associated with the cost of litigation.

Accordingly,

**IT IS HERBY ORDERED** that the Joint Motion for Approval of Settlement (Doc.72) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Settlement Agreement and Release of All Claims (Doc. 72-1) is **approved** and that this action is **dismissed with prejudice.**

**IT IS FINALLY ORDERED** that payments shall be distributed in accordance with the Settlement Agreement. (Doc. 72-1).

Dated this 20th day of May, 2024.

Honorable Diane J. Humetewa
United States District Judge